UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DAVID NANCE and LAURA NANCE, )
as parents and next friends )
of JASON NANCE, a minor, )
                              )
          Plaintiffs,         )
                              )
vs.                           )  CIVIL ACTION No. CV-97-S-0459-M
                              )
TOYOTA MOTOR CORPORATION;     )
TOYOTA MOTOR SALES            )
CORPORATION, U.S.A., INC.;    )
and, MERRILL'S CARS & PARTS,  )
                              )
          Defendants.         )



ENTERED

APR 1 4 1997

## MEMORANDUM OPINION

On November 26, 1994, Jason Nance, a minor, was riding as a passenger in a 1989 Toyota pick-up truck owned by Darrell Franklin Andrews. (Complaint, at ¶ 6.) The two were traveling in a southwardly direction on Seven Springs Road in Calhoun County, Alabama, when another truck – driven by David Alan Gaddis in a westwardly direction on Highway 204 – struck the passenger side of the Andrews vehicle. (*Id.*) The passenger side door of the Andrews vehicle flew open upon impact, and Jason Nance was ejected from the vehicle through the open door. He sustained severe, permanent injuries. (*Id.*, at ¶ 7.)

On January 24, 1997, Jason's parents, Laura and David Nance, brought suit on his behalf in the Circuit Court for the Ninth Judicial Circuit, Cherokee County, Alabama. The following were named as defendants: Toyota Motor Corporation, the Japanese manufacturer of the 1989 Toyota pick-up truck owned and driven by Darrell Franklin Andrews; Toyota Motor Sales, U.S.A., Inc., the United States distributor; and, Merrill's Cars & Parts, a sole

proprietorship owned and operated by Roy C. Merrill, from which Darrell Franklin Andrews had purchased the 1989 Toyota pick-up truck on January 22, 1993. Plaintiffs asserted claims based upon theories of negligence, the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), and breach of warranty, among others.

Defendant Toyota Motor Sales, U.S.A., Inc., was served on or about January 28, 1997, and removed the action to this court on February 25, 1997. It claimed jurisdiction was proper under 28 U.S.C. § 1332, because "there is complete diversity of citizenship between the Plaintiff[s] ... and all Defendants ... exclusive of the fraudulently-joined Defendant Merrill's Cars and Parts." (Notice of Removal, at ¶ 11.) The basis for Toyota Motor Sales' contention that Merrill's Cars & Parts was "fraudulently joined for the sole purpose of defeating federal court jurisdiction" was stated as follows:

> (a) the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD") does not provide a cause of action against the seller of a used automobile. *See Treadwell Ford, Inc. v. Campbell*, 485 So.2d 312, 318 (Ala. 1986)("this is too far afield of the sellers in the chain of marketing a new product to be reached by the Alabama Extended Manufacturers' Liability Doctrine.")
>
> (b) Plaintiffs are claiming design defects relative to the door latch/lock assembly, door frame and door which, under the Alabama Extended Manufacturers' Liability Doctrine, are not attributable to a seller of a used car who is not involved in the design or manufacturing process.
>
> (c) Furthermore, as evidenced by the Affidavit of Roy C. Merrill, Merrill's Cars and Parts did not warrant the subject vehicle and, in fact, sold it "as-is".

2

(*Id.*, at ¶ 12.)  On February 27, 1997, defendant Merrill's Cars & Parts joined in the removal.[1]

The action now is before this court on plaintiffs' motion to remand filed March 3, 1997.  Upon consideration of the motion, pleadings, and briefs,[2] this court concludes the motion is due to be granted.

## I. DISCUSSION

Federal district courts have original jurisdiction of all civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  "This rule requires that all plaintiffs and all defendants must be of different citizenships." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989).  As noted, Merrill's Cars & Parts is an Alabama sole proprietorship with its principle place of business in Piedmont, Alabama.  All plaintiffs also are citizens of Alabama.  Therefore, complete diversity of citizenship does not exist, unless Merrill's Cars & Parts was fraudulently joined.  "The removing parties bear the burden of proving that the non-diverse defendant was

---

[1] As of the date of removal, defendant Toyota Motor Corporation had not been served.  On March 31, 1997, that defendant filed its joinder in notice of removal.

[2] In connection with the instant motion, this court has considered: (1) Toyota Motor Corporation's and Toyota Motor Sales, U.S.A., Inc.'s Response to Plaintiffs' Motion to Remand ("Defendants' Brief"); and (2) Plaintiffs' Reply to Toyota Motor Corporation's and Toyota Motor Sales, U.S.A., Inc.'s Response to Plaintiffs' Motion to Remand ("Plaintiffs' Brief").

3

fraudulently joined...." *Everett v. MTD Products, Inc.*, 947 F. Supp. 441, 444 (N.D. Ala. 1996). That burden is a heavy one.

> [D]etermination of fraudulent joinder is to be based on whether there is a real intention on colorable grounds to procure a joint judgment.... The joinder is fraudulent if it is clear that, the facts asserted by the plaintiff as the basis for the liability of the resident defendant <u>could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous</u>.

*Mask v. Chrysler Corporation*, 825 F. Supp. 285, 288 (N.D. Ala. 1993)(citing *Parks v. New York Times Company*, 308 F.2d 474, 477-78 (5th Cir. 1962), *cert. denied*, *New York Times Co. v. Parks*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964))(emphasis supplied), *aff'd*, 29 F.3d 641 (11th Cir. 1994).

The Eleventh Circuit, in *Cabalceta*, set forth a two-fold test for determining whether a defendant has been fraudulently joined:

> (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court.

*Cabalceta*, 883 F.2d at 1561 (citing *Insinga v. Labella*, 845 F.2d 249, 254 (11th Cir. 1988)). A removing party must support a claim of fraudulent joinder by clear and convincing evidence. *Parks*, 308 F.2d at 478.[3] In addition, the court must evaluate all disputed issues of fact and law in favor of the non-removing parties. *Coker v. Amoco Oil*, 709 F.2d 1433 (11th Cir. 1983). "If there is even a possibility that a state court would find that the complaint states

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this court adopted as binding precedent all of the decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41.

Plaintiffs assert three claims against defendant Merrill's Cars & Parts: negligence in inspecting the used 1989 Toyota pick-up truck sold to Darrell Franklin Andrews; liability under AEMLD; and, breach of warranties. In support of their contention that Merrill's Cars & Parts was fraudulently joined, defendants cited *Treadwell Ford, Inc. v. Campbell*, 485 So.2d 312 (Ala. 1986), for the proposition that a claim under AEMLD does not lie against the seller of a used automobile. (Notice of Removal, at ¶12(a).) That contention was a clear misrepresentation of Alabama law. *Treadwell* only held that:

> AEMLD does not apply to the seller of a used, <u>wrecked vehicle for salvage</u>. Dairyland had nothing to do with the repair work, nor did Dairyland sell or attempt to sell other than to a junkyard <u>for salvage</u>. This is too far afield of the sellers in the chain of marketing a new product to be reached by the Alabama Extended Manufacturers' Liability Doctrine.

*Treadwell*, 485 So.2d at 318 (emphasis supplied). Indeed, defendants now correctly state that "the court [in *Treadwell*] never reached the issue of whether a seller of a used product was liable under the AEMLD...." (Defendants' Brief, at 4.)

Alternatively, defendants claim that *Treadwell* stands for "the principle that the AEMLD applies only to sellers of a <u>new</u> product - not subsequent purchasers and sellers that have no role in the design or marketing process." (Defendants' Brief, at 4.) Defendants again misconstrue Alabama law. The Alabama Supreme

5

Court has not, in *Treadwell*, or any other published opinion, specifically limited the application of AEMLD to sellers of a new product. To the contrary, that court has implied the seller of used equipment may be liable under AEMLD. *See Rhodes v. Tractor & Equipment Company*, 677 So.2d 194 (Ala. 1995)(reversing trial court's grant of summary judgment and finding genuine issues of fact as to whether the seller of used equipment was liable under AEMLD).

Furthermore, the principles of liability under AEMLD do not limit its applicability only to sellers of new products. To establish liability under the AEMLD, a plaintiff must show:

> (1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

*Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132-33 (Ala. 1976). Therefore, the Alabama Supreme Court has placed no limits on the doctrine's applicability to sellers of used products. Consequently, plaintiffs have established more than a possibility that a cause of action may lie against Merrill's Cars & Parts under AEMLD.

Plaintiffs also have alleged a viable claim against Merrill's Cars & Parts for negligence in inspecting the 1989 Toyota pick-up truck. The Alabama Supreme Court faced a similar situation in

6

*Treadwell*, where plaintiff alleged that an automobile dealer negligently inspected a used truck acquired through trade-in and subsequently sold to plaintiff.  Less than one week after purchasing the truck, the accident giving rise to that action occurred: the accelerator linkage stuck against the firewall, causing the truck to surge forward uncontrollably.  The automobile dealer argued that the defect was latent, and it had no duty to inspect for latent defects.  On appeal, the Alabama Supreme Court held that the evidence presented a jury question as to whether the defect was patent or latent.  *Treadwell*, 485 So.2d at 316. Further, the court concluded that there was substantial evidence that the automobile dealer negligently inspected the truck, and, the defect easily could have been discovered if the vehicle had been properly inspected.  *Id.*, 485 So.2d at 316.

## II. CONCLUSION

Accordingly, plaintiffs' motion to remand is due to be **GRANTED**.  An order consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this 14th day of April, 1997.

United States District Judge